UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BURTON W. WIAND, *as Receiver for
Oasis International Group, Ltd., Oasis
Management, LLC, and Satellite Holdings
Company*,

               Plaintiff,

     v.

DAVID PAUL LIPINCZYK,

               Defendant.

_____

21-MC-14-LJV
DECISION & ORDER

On February 26, 2021, the plaintiff, Burton W. Wiand, commenced this action by registering a judgment entered by the United States District Court for the Middle District of Florida. Docket Item 1. The *pro se* defendant, David Paul Lipinczyk, then moved to dismiss the action on various grounds. Docket Item 2; *see* Docket Item 7. Lipinczyk also moved for permission to electronically file documents. Docket Item 8.

After Wiand responded *pro se* to the motion to dismiss, Docket Item 5, he moved for leave to file a sur-reply through counsel, Docket Items 10 and 10-2. Wiand also asked this Court to sanction Lipinczyk. *See* Docket Item 10-2. Lipinczyk then filed an "amended motion to dismiss."[1] Docket Item 14 (capitalization omitted); *see* Docket Items 15 to 15-16.

_____

[1] Lipinczyk also "move[d] this Court to file" his amended motion and the documents he submitted in support of the amended motion. Docket Item 12. A docket note explains that Lipinczyk's "documents were received . . . on [June 7, 2024], but were inadvertently not processed . . . until [July 12, 2024]." Docket Note dated July 12, 2024. Because those papers now have been docketed, Lipincyzk's motion "to file," Docket Item 12, is denied as moot.

Wiand's motion for leave to file a sur-reply is granted, and this Court therefore considers the sur-reply with its attached exhibits for purposes of deciding the motion to dismiss. The Court deems Lipinczyk's amended motion to dismiss and the papers filed with that motion to be a sur-sur-reply and considers that as well.

For the following reasons, Lipinczyk's motions to dismiss and for electronic filing privileges are denied. Wiand's request for sanctions also is denied.

## BACKGROUND[2]

This case arises from an enforcement action brought by the Commodity Futures Trading Commission ("CFTC") "against various defendants alleged to have violated the Commodity Exchange Act in furtherance of a Ponzi scheme." Docket Item 10-2 at ¶ 1 (citing *CFTC v. Oasis Int'l Grp., Ltd.* ("*Oasis Int'l*"), Case No. 8:19-cv-886 (M.D. Fla. 2019)); *see* Docket Item 2 at 5. After the CFTC commenced that action (the "CFTC action") on April 15, 2019, the presiding court—the Middle District of Florida—appointed Wiand as the temporary receiver for several entities: Oasis International Group, Ltd.; Oasis Management, LLC; and Satellite Holding Company. Docket Item 10-2 at ¶ 2; *see Oasis Int'l*, Case No. 8:19-cv-886, Docket Item 7 (M.D. Fla. Apr. 15, 2019). On April 30, 2019, that court issued a second order appointing Wiand as the permanent receiver for

---

[2] "In resolving a motion to dismiss for lack of subject matter jurisdiction," a district court "may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The following facts are taken primarily from the parties' filings and from records of the related court proceedings. *See Doe v. State Univ. of N.Y. Purchase Coll.*, 617 F. Supp. 3d 195, 201 (S.D.N.Y. July 27, 2022) ("Courts may take judicial notice of public documents and matters of public record, including documents filed in another court, not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (alterations, citations, and internal quotation marks omitted)).

those entities.  Docket Item 2 at 5; *see Oasis Int'l*, Case No. 8:19-cv-886, Docket Item 44 (M.D. Fla. Apr. 30, 2019).

On July 11, 2019, the Middle District of Florida issued a "Consolidated Receivership Order" (the "July 11 order") that "superseded" the previous receivership orders.  Docket Item 10-2 at ¶ 3 (citing *Oasis Int'l*, Case No. 8:19-cv-886, Docket Item 177 at ¶ 3 (M.D. Fla. July 11, 2019)).  The July 11 order also provided that it "shall . . . constitute the appointment or re-appointment of [Wiand as receiver] for purposes of 28 U.S.C. § 754" ("section 754").[3]  *Id.* (citing *Oasis Int'l*, Case No. 8:19-cv-886, Docket Item 177 at ¶ 3).  A week later—on July 18, 2019—Wiand filed copies of the complaint from the CFTC action and the July 11 order in this District.  *Id.* at ¶ 4 (citing *CFTC v. Montie*, Case No. 6:19-mc-6008, Docket Items 1 and 1-1 (W.D.N.Y. July 18, 2019)).

Several months later, Wiand "filed a lawsuit against . . . Lipinczyk and several others in the . . . Middle District of Florida . . . to clawback fraudulent transfers [the defendants had] received in connection with the Ponzi [s]cheme."  *Id.* at ¶ 5 (citing *Wiand v. Arduini*, Case No. 8:20-cv-862 (M.D. Fla. Apr. 14, 2020)); Docket Item 2 at 6.  "Lipinczyk and several co-defendants" then "filed sixteen nearly identical pro se

---

[3] Under 28 U.S.C. § 754,

A receiver appointed in any civil action or proceeding involving property . . . situated in different districts shall . . . be vested with complete jurisdiction and control of all such property with the right to take possession thereof.

. . .

Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located.  The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

[m]otions" challenging that court's jurisdiction on the ground that Wiand had "fail[ed] to comply with" section 754.  Docket Item 10-2 at ¶ 6 (citing Docket Item 10-4).  The Middle District of Florida "rejected . . . Lipinczyk's jurisdictional argument and denied his [m]otion," finding that (1) Wiand "has complied with the requirements of 28 U.S.C. § 754 and 28 U.S.C. § 1692," (2) the court "has personal jurisdiction over the [d]efendants," and (3) Wiand "properly effected service of process."  *Id.* at ¶ 9 (citing Docket Item 10-7); *see* Docket Items 10-5 and 10-6.

A few months after that, the Middle District of Florida heard oral argument on and granted Wiand's motion for default judgment in the CFTC case.[4]  Docket Item 10-2 at ¶¶ 10-11.  And "on February 26, 2021, [Wiand] registered the judgment with this Court."  *Id.* at ¶ 10 (citing Docket Item 1).

## DISCUSSION

## I.   MOTION TO DISMISS

Lipinczyk moves to dismiss this action on the grounds that (1) this Court lacks jurisdiction based on Wiand's purported failure to comply with section 754, (2) the underlying judgment violated Lipinczyk's right to due process, and (3) Wiand has failed

---

[4] The parties dispute the status of Lipinczyk's legal representation at that point in the proceedings.  According to Wiand, "Lipinczyk was represented by counsel," Edmund Whitson, during the hearing.  Docket Item 10-2 at ¶ 10.  The minute entry for the hearing suggests that was indeed the case.  *See Arduini*, Case No. 8:20-cv-862, Docket Item 658 (M.D. Fla. Nov. 19, 2020) (minute entry listing Whitson as "DEFENDANT COUNSEL").  Lipinczyk, however, notes that a magistrate judge twice denied another attorney seeking to represent Lipinczyk, Brent Allen Winters, permission to appear *pro hac vice*.  Docket Item 7 at 4; *see Arduini*, Case No. 8:20-cv-862, Docket Items 648 and 659 (M.D. Fla. 2020).  And he asserts that as a result, he was "unable to send or receive [c]ourt communications."  Docket Item 7 at 4.

to prosecute the action.  Docket Items 2 and 14; *see* Docket Item 7.  Because each of those arguments fails for the reasons explained below, Lipinczyk's motion to dismiss is denied.

### A.    Wiand's Compliance with Section 754

Lipinczyk first argues that this Court lacks personal jurisdiction over him and subject matter jurisdiction over this action because Wiand "fail[ed] to conform to the requirements of" section 754.  Docket Item 2 at 2.  More specifically, Lipinczyk argues that Wiand was required to file copies of the underlying complaint and the receivership order in this District within ten days of April 30, 2019—the date Wiand first was appointed as the permanent receiver.  *Id.* at 6.  Because Wiand did not file those documents in this District until July 18, 2019, Lipinczyk says, this action must be dismissed.  *Id.*

But as Wiand explained when Lipinczyk made that argument in the Middle District of Florida, "[e]ven though [Wiand] was *initially* appointed [in April 2019], the July 11 [order] superseded prior orders" and "constitute[d] the appointment or re-appointment of [Wiand] for purposes of [section] 754."  *See* Docket Item 10-6 at 10. "Thus," Wiand says, he "complied with [s]ection 754 . . . by filing the CFTC [a]ction [c]omplaint and [July 11 order]" in this District on July 18, 2019—"within ten . . . days of July 11, 2019."  *See id.*

The Middle District of Florida agreed with Wiand's reasoning.  *See* Docket Item 5 at 14 (order holding that "[f]or the reasons explained [on the record] and as set forth in [Wiand's] . . . response" to Lipinczyk's motion challenging jurisdiction, Wiand "has complied with the requirements of" section 754).  And other district courts across the

5

country have analyzed the issue similarly.  *See* Docket Item 10-6 at 10-11 (collecting cases holding that section 754 is satisfied when a receiver files the required documents within ten days of a reappointment order).  This Court does the same.

Lipinczyk argues that "[n]o Circuit Court of Appeals has granted an unconditional 'reappointment' for the purpose of extending or restarting a receiver's appointed period of authority under 28 U.S.C. § 754."  Docket Item 2 at 8-9.  He does not, however, cite any case law suggesting that reappointment does not restart the section 754 clock.  *See generally* Docket Items 2, 7, and 14.

In fact, the only Second Circuit case that Lipinczyk cites, *Kilsheimer v. Rose & Moskowitz*, 257 F.2d 242 (2d Cir. 1958), supports Wiand's position.  In that case, the appellants argued that the receivers failed to comply with section 754 because the receivers did not file the required documents "within ten days after the entry of the order of appointment."  *Id.* at 244.  But the Second Circuit found that the receivers had complied with section 754 because the original appointment order "was supplemented" by a subsequent order and the required papers were filed within ten days of the subsequent order.  *Id.*  In other words, the Second Circuit found that the section 754 clock ran from the latest appointment order—consistent with Wiand's argument here.

Lipinczyk offers no other reason for this Court to depart from the substantial authority suggesting that a reappointment order restarts the clock for purposes of section 754.  *See* Docket Items 2, 7, and 14.  This Court therefore finds that Wiand has satisfied section 754.

### B.    Due Process

Lipinczyk next argues that the underlying judgment is void because he "was denied [his] [c]onstitutionally guaranteed right[] [to] due process leading up to and including the issuance of th[at] judgment."[5]   Docket Item 7 at 5.   Based on the context of that statement, the Court infers that Lipinczyk bases his due process argument on his purported inability "to correspond with" the Middle District of Florida due to the uncertain status of his legal representation.   *Id.* at 4-5.   But as noted above, it seems that an attorney appeared on Lipinczyk's behalf during the hearing on Wiand's motion for default judgment.   *See supra* at note 4.   And even if Lipinczyk's legal representation was in flux at that time, as he asserts, Lipinczyk does not explain how that prejudiced him or why that sequence of events amounted to a due process violation.   *See generally* Docket Items 2, 7, and 14.

In short, Lipinczyk's conclusory invocation of due process does not render the underlying judgment invalid and presents no basis for dismissal.

### C.    Failure to Prosecute

Lipinczyk also suggests that this action should be dismissed based on Wiand's "failure to prosecute."   Docket Item 7 at 3, 7-11.   But this is not a typical civil action where a plaintiff is "prosecuting" a claim in an effort to obtain a judgment against a

---

[5] Under Federal Rule of Civil Procedure 60(b)(4), "the [d]istrict [c]ourt where a judgment from another jurisdiction is registered 'has the inherent power to void the judgment.'"   *Madigan v. J.P. Gibbons & Co., Inc.*, 2018 WL 4522087, at \*7 (E.D.N.Y. June 13, 2018) (quoting *Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 732 (2d Cir. 1980)).   But "relief pursuant to Rule 60(b)(4) is appropriate 'only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'"   *Id.* (quoting *Grace v. Bank Leumi Tr. Co.*, 443 F.3d 180, 193 (2d Cir. 2006)).

defendant.  On the contrary, Wiand already has succeeded on his claims and obtained

a judgment—so there is nothing left to prosecute.  This action is merely a means to

enforce a judgment.  Lipinczyk's argument that Wiand has failed to prosecute this action

therefore is without merit.

## II.   MOTION FOR ELECTRONIC FILING PRIVILEGES

Wiand has moved for permission to electronically file documents.  Docket Item 8.

The Federal Rules of Civil Procedure provide that a *pro se* party "may file

[documents] electronically only if allowed by court order or by local rule."  Fed. R. Civ. P.

5(d)(3)(B)(i).  The Western District of New York Local Rules of Civil Procedure

incorporate by reference the District's CM/ECF Administrative Procedures Guide, which,

in turn, sets the requirements and provides the procedures for electronic filings.  *See*

Loc. R. Civ. P. 5.1.  The Administrative Procedures Guide provides that "[t]ypically only

registered attorneys, as Officers of the Court, will be permitted to file documents

electronically."  W.D.N.Y. Administrative Procedures Guide for Electronic Filing,

amended October 2022.  The Administrative Procedures Guide further allows the Court,

"*in [its] discretion*, [to] grant a pro se litigant who demonstrates a willingness and

capability to file documents electronically[] permission to do so."  *Id.* (emphasis in

original).

Lipinczyk does not say that he has reviewed the requirements for electronic filing.

Docket Item 8.  He therefore has not demonstrated the capability to file documents

electronically.  And even if he had, this Court still would decline to exercise its discretion

to grant Lipinczyk electronic filing privileges at this early stage and before Lipinczyk has

established any track record with the Court. Lipinczyk's request for electronic filing

privileges therefore is denied without prejudice.

## III.    REQUEST FOR SANCTIONS

Finally, Wiand asks this Court to sanction Lipinczyk under Federal Rule of Civil

Procedure 11 and require him to pay the "attorney's fees incurred to respond to [his]

frivolous filings." Docket Item 10-2 at 6.

> Rule 11(b) provides, among other things, that
>
> [b]y presenting to the court a . . . written motion, . . . an . . . unrepresented party certifies that . . . :
>
> (1) [the motion] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

Fed. R. Civ. P. 11(b). If "Rule 11(b) has been violated, the court may impose an

appropriate sanction." Fed. R. Civ. P. 11(c)(1). "A motion for sanctions must be made

separately from any other motion and must describe the specific conduct that allegedly

violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2).

Wiand contends that Lipinczyk's filings violate Rule 11(b) because they reassert

arguments that other courts have rejected. Docket Item 10-2 at 6. That may be true,

but even so, this is the first time those arguments have been presented to this Court.

The Court therefore concludes that sanctions would be premature. What is more,

Wiand did not separately move for sanctions as required by Rule 11(c)(2).

For those reasons, Wiand's request for sanctions, Docket Item 10-2 at 6, is

denied without prejudice.

**<u>CONCLUSION</u>**

In light of the above, Wiand's motion for leave to file a sur-reply, Docket Item 10, is GRANTED; Lipinczyk's motion to dismiss, Docket Item 2; *see* Docket Item 14, is DENIED; Lipinczyk's request for electronic filing privileges, Docket Item 8, is DENIED without prejudice; Wiand's request for sanctions, Docket Item 10-2 at 6, is DENIED without prejudice; and Lipinczyk's motion "to file," Docket Item 12, is DENIED as moot.


SO ORDERED.

Dated:   August 2, 2024
         Buffalo, New York


 */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE